**MELLON BANK, N.A., Plaintiff,**

v.

**Marcelo PASQUALIS–POLITI
and Mariana Pasqualis–
Politi, Defendants.**

Civ. A. Nos. 88–426, 88–427, 88–2542 to 88–2544, 88–2560 to 88–2562, 88–2705, to 88–2707, 89–339, 89–1188, 89–1201, to 89–1203 and 90–796.

United States District Court,
W.D. Pennsylvania.

July 28, 1992.

**1298**

Donald F. Mintmire, Washington, D.C., for defendants.

Thomas L. Allen, Reed J. Davis, Davis Reilly, Pittsburgh, Pa., Ira S. Lefton, Philadelphia, Pa., for plaintiff.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

Before the Court in these consolidated actions are Mellon Bank's motions for summary judgment in mortgage foreclosure and for judgments on notes, and the responses of the defendants. Defendants assert several defenses to Mellon's attempts to obtain judgment on the notes secured by the mortgages and to foreclose on the mortgages to their vacation condominiums in the Blue Knob ski area of Bedford County, Pennsylvania. Defendants assert that because Mellon has failed to respond to discovery requests they are unable to respond adequately to Mellon's motion. After considering defendants' Rule 56(f) request, *see Contractors Association of Eastern Pennsylvania v. Philadelphia,* 945 F.2d 1260, 1266–67 (3d Cir.1991), I issued an order on June 29, 1992, ruling on several of defendants' requests for document discovery, and permitting any supplemental motions to compel to be filed on or before July 10, 1992. No further request has been made by the defendants for additional discovery.[1] It appears that no further discovery is requested or necessary to resolve the outstanding issues in these matters. After considering defendants' defenses on their merits, I conclude that judgment on the notes and in foreclosure must be ordered in favor of plaintiff as a matter of law.

Familiarity with the related *Bhatla v. Resort Development Corporation* litigation, *see* C.A. No. 88–147, slip opinion of June 22, 1992 (W.D.Pa.); *see also Bhatla v. Resort Development Corporation,* 720 F.Supp. 501 (W.D.Pa.1989); *see also Koropey v. Resort Development Corporation,* C.A. No. 89–37, slip opinion of June 22, 1992 (W.D.Pa.), is assumed. Plaintiff is a banking corporation that provided construction financing for a vacation resort development in the Blue Knob area of northern Bedford County. Defendants are individuals and partnerships who, in late 1982 and early 1983, purchased condominiums as investments from the Resort Development Corporation, in Phase I of a condominium project known as the Blue Knob Ski & Country Club. Resort Development Corporation assigned the notes and mortgages executed by the defendants when they purchased their condominiums from Resort Development Corporation to an affiliated entity, Capital Finance Corporation, which issued bonds secured by those notes and mortgages. Defendants' notes and mortgages were thereafter assigned by Capital Finance Corporation under a collateral trust indenture to plaintiff Mellon as trustee for the bondholders.

Defendants contend that the fraudulent activities of the Resort Development Corpo-

---

**1.** Mellon has recently submitted an additional pleading, docket no. 44, which contains amended claims for damages. The figures used in Mellon's original affidavits, which have not been disputed, will be used.

ration and its officers, its employees, and its agents in altering the original plan of development for the Blue Knob Ski & Country Club to construct efficiency ski-chalet condominiums instead of additional one and two bedroom condominiums, have impaired the value of their investments. Defendants have stopped making payments on their mortgages, and are in default under the terms of both the notes and the mortgages. They assert that, nevertheless, Mellon should not be allowed to foreclose on the mortgages or obtain judgment on the notes because of its "unclean hands," i.e., its alleged involvement in the fraudulent schemes of Resort Development Corporation.

Defendants, as plaintiffs in the *Bhatla* litigation, previously alleged a claim based on Mellon's alleged participation in the fraudulent scheme of Resort Development Corporation, *see Bhatla v. Resort Development Corporation*, 720 F.Supp. at 512–13, and as a counterclaim in this matter. *See Mellon Bank v. Pasqualis–Politi*, C.A. No. 88–426, slip opinion of August 31, 1989 (W.D.Pa.). In both cases their claims were dismissed as barred by the statute of limitations. Now, considered as defenses, defendants' allegations fail to withstand Mellon's motion for summary judgment.

## I. MELLON'S CLAIMS

### A. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "[T]his standard provides that the mere existence of *some* factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). (emphasis in original). A fact is "material"

if proof of its existence or non-existence would affect the outcome of the lawsuit under the substantive law applicable to the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Finally, when a motion for summary judgment is properly supported by affidavits evidencing the absence of a material issue of fact, as is the plaintiff's, defendants cannot "rest upon the mere allegations or denials of [their] pleading" but must come forward with evidence showing that there is a genuine dispute of material fact. Fed.R.Civ.P. 56(e); *Schulz v. Celotex Corp.*, 942 F.2d 204, 210 (3d Cir.1991).

### B. Substantive law

The substantive law of contracts and real property to be followed in resolving these matters is of course that of Pennsylvania. The elements of Mellon's prima facie case in the actions on the notes are

(1) execution of the notes and mortgages by the defendants;

(2) Mellon's status as holder of the notes;

(3) defendants' default on the notes and refusal to pay despite a proper demand; and

(4) compliance with any applicable notice requirements.

The elements of Mellon's prima facie case in the foreclosure actions are outlined by Pa.R.Civ.P. 1147, which although characterized as a procedural rule for purposes of state court practice, must be considered substantive for *Erie*[2] purposes and therefore followed in these diversity actions. *See e.g. Knight v. Tape, Inc.*, 935 F.2d 617, 622 n. 4 (3d Cir.1991). Mellon's complaints satisfy Pennsylvania Rule 1147's requirements that the complaints contain a statement of

(1) the parties to and date of the mortgages;

(2) a description of the property subject to the mortgages;

(3) the names, addresses, and interests in the properties of the defendants in the action;

(4) a specific averment of default;

**2.** *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

(5) an itemized statement of amount due; and

(6) a demand for judgment.

### C. Evidence

Mellon's motion for summary judgment in each of these actions incorporates the facts established by each of its complaints and each defendant's answer that:

(1) As to each defendant, Mellon is the current holder by assignment of a promissory note, Complaint, Exhibit "A", and a mortgage, Complaint, Exhibit "B", given to secure the note; and

(2) each defendant competently executed the notes and mortgages.

Based on the uncontradicted affidavits of Gerald Mitchell, who is Vice President of Mellon Financial Services corporation, the plaintiff's servicing agent, it is also established that:

(3) defendants are in default under the terms of the notes and mortgages. *See* Note; Mortgage, ¶ 18. It also appears that Mellon has complied with Pennsylvania's pre-foreclosure notice requirements or shown that they are inapplicable.[3] *See* Exhibit "A" to Affidavit of Gerald Mitchell, docket no. 43. Finally, there is no dispute that the defendants have refused to bring their mortgages current despite Mellon's statement of the amount due and demand for payment. Mellon has therefore proved its prima facie case in breach of contract and in foreclosure, and it is entitled to judgment absent the defendants' establishment of a defense to Mellon's actions.

## II. DEFENDANTS' DEFENSES

In their answers, defendants raise three affirmative defenses: (1) fraud in the inducement to execute the purchases of the condominiums; (2) plaintiff's unclean hands, which is based on the allegation of fraudulent inducement; and (3) failure to state a claim upon which relief can be

granted. Defendants' third defense is meritless because plaintiff has proved a prima facie case in foreclosure. In their brief in opposition to the motion for summary judgment, defendants have argued an additional point: (4) that in connection with the defendants' purchases of condominiums, plaintiff violated state and federal securities laws.

### A. Securities fraud

The parties vigorously dispute whether the condominium units purchased by the defendants can be considered securities. I previously left this issue open, see *Bhatla*, 720 F.Supp. at 506, and it is again unnecessary to reach the issue, because even assuming that the public offering of the defendants' condominiums was subject to federal and state securities laws, the holder in due course rule and the various applicable statutes of limitations bar defendants' defenses.

As defendants assert, by no later than early 1983, they received advertisement and public offering statements from Resort Development Corporation through the mail and ·purchased their condominiums while domiciled in:

Maryland—John and Elizabeth Barden; Joseph and Annette Sourwine; William and Myra Fox; Michael Hettleman.

Ohio—QUADCO partnership; Keith Holbrook; Richard Oliver; James Grinham; Gregg Fogg.

New Jersey—Martin and Judith Gang; Harvey and Beverly Gutman; Martin and Joan Karasic; Frank Binder.

Virginia—Joseph Hanzel; Judy Bedell; Donald and Elizabeth Swenson; Michael Ternisky; Jerry and Ellen Totten; William Walker; Raul and Sophia Truffat; John and Eileen Driscoll; Edward and Jeanne Collier; Edward and

---

**3.** Act 6 of 1974, 41 P.S. § 101, requires pre-foreclosure notice to mortgagors of residential mortgages in the amount of $50,000 or less. Each of the defendants' properties is mortgaged for more than $50,000. Further, it appears that none of the properties is a defendant's principal residence; in their petitions for removal the defendants aver that they are all citizens and residents of states other than Pennsylvania. For the same reason, Act 91 of 1983, 35 P.S. § 1680.401c, which applies to owner-occupied residences, is inapplicable. *See* Affidavit "A", ¶ 18 of Mortgage Notice.

Sally Lewis; Marcelo and Mariana Pasqualis–Politi.

The statute of limitations under the securities laws of each of these states expired years before the foreclosure actions were filed.[4] *See* Md.Corps. and Ass'ns. Code Ann. § 11–703 (1985) (one year); Ohio Rev. Code Ann. § 1707.28 (Paige's 1985) (three years); N.J.Stat.Ann. 49:3–71(e) (1970) (two years); Va.Code Ann. 13.1–522 (1989) (two years). The federal securities law contains a statute of limitations one year from the date of the alleged violation or three years from the first public offering of the alleged security. 15 U.S.C. § 77m (1982).

■■■■ After the statutes of limitations had run on the defendants' claims for violations of the securities laws by the plaintiff, those claims could no longer be asserted as defenses to a judgment in foreclosure. Under Pennsylvania law, as under federal law, a defendant may assert under the equitable doctrine of recoupment a defense which could not be asserted affirmatively as a counterclaim because of the bar of the statute of limitations. *See Kline v. Blue Shield of Pennsylvania,* 383 Pa.Super. 347, 556 A.2d 1365, 1368 n. 3 (1989); *Stulz v. Boswell,* 307 Pa.Super. 515, 453 A.2d 1006, 1008–09 (1982) (Pennsylvania law); *Provident National Bank v. United States,* 507 F.Supp. 1197, 1203–04 (E.D.Pa. 1981) (federal law). However, under Pennsylvania law, the defense asserted by way of recoupment must be related to the nature of the demand brought by the plaintiff.[5] *Porter v. Levering,* 330 Pa. 392, 395–96, 199 A. 482, 484 (1938). Accordingly, defendants' claims of securities law violations cannot be asserted even as defenses to Mellon's foreclosure actions because they are not part of or incident to the creation of the mortgage itself. *Compare Household Consumer Discount Company v. Vespaziani,* 490 Pa. 209, 415 A.2d 689, 693–96 (1980), (permitting the assertion of a violation of the Truth in Lending Act as a defense to collection of a loan), *with Fleet Real Estate Funding v. Smith,* 366 Pa.Super. 116, 530 A.2d 919, 924–25 (1987) (permitting the assertion of failure to follow HUD guidelines as defense to mortgage foreclosure, but rejecting the assertion of a violation of the Truth in Lending Act as a defense to mortgage foreclosure), and *New York Guardian Mortgage Corp. v. Dietzel,* 362 Pa.Super. 426, 524 A.2d 951, 953 (1987) (rejecting assertion of a counterclaim based on the Truth in Lending Act in a mortgage foreclosure).

Under the mutuality of demand requirement of Pennsylvania's recoupment doctrine as expressed in *Porter v. Levering* and implied in *Household Consumer Discount Company v. Vespaziani,* defendants' allegation of a securities law violation by Resort Development Corporation could be asserted as a defense to Mellon's actions on the notes if Mellon is not a holder in due course. *See* 13 Pa.C.S. § 3306(2). Mellon has the burden of proving, 13 Pa.C.S. § 3307(c), that there is no issue of material fact as to the three requirements of 13 Pa.C.S. § 3302(a), i.e., that it has taken the notes

(1) for value;

(2) in good faith; and

(3) without notice ... of any defense.

I previously found, at the motion to dismiss stage, that Mellon was a holder for value of the notes. Slip opinion of August 31, 1989, at 5. Now, considering the uncontradicted testimony of Bruce Ostrom, Ostrom deposition, 48, 55, 58, Exhibits Supporting Mellon's Motions for Summary Judgment, Exhibit I, docket no. 35, Mellon Bank has established the absence of a disputed issue of material fact as to its good faith and lack of notice. There is a total absence of evidence that Mellon was involved in marketing the condominiums and thereby in the alleged securities law violations. Ostrom additionally stated that Mellon had no knowledge of the means that Resort Development Corporation used to market its con-

---

**4.** Defendants had been making payments on their mortgages for almost four years before even commencing the *Bhatla* action in December, 1986. *See* Exhibits Supporting Mellon's Motions, Exhibit A. docket no. 35.

**5.** This mutuality requirement appears to be the majority trend. *See* Wright, Miller, and Kane, Federal Practice and Procedure: Civil 2d, § 1401.

dominiums, *id.*, 55, and defendants have produced no evidence to the contrary. Defendants' argument that Mellon must be charged with knowledge of any securities law violation alleged to have been committed by Resort Development Corporation simply because of its earlier provision of construction financing was rejected by this circuit in *Bankers Trust Co. of Western New York v. Crawford*, 781 F.2d 39, 42–43 (3d Cir.1986); their argument that Mellon should be charged with such knowledge simply because it became the assignee of the notes from Resort Development Corporation after Resort Development Corporation's alleged violations must be rejected because Mellon's good faith is determined by its actual knowledge, not by a standard of negligence or duty to inquire. *Valley Bank & Trust Co. v. American Utilities, Inc.*, 415 F.Supp. 298, 301 (E.D.Pa.1976).

B. *Fraud in the inducement; unclean hands*

■ Defendants' election to affirm their purchases, to continue to make payments on their mortgages, and to have the use of their condominiums long after the expiration of the same two year statute of limitations which barred defendants' fraud counterclaims, *see* slip opinion of August 31, 1989 at 8–9, also bars them from asserting the defenses of fraud in the inducement and unclean hands in the mortgage foreclosure actions, even under Pennsylvania's recoupment doctrine. Mellon's foreclosure actions seek an *in rem* judgment, *Insilco Corp. v. Rayburn*, 374 Pa.Super. 362, 543 A.2d 120 (1988); *Peoples National Bank of Lebanon v. Noble*, 338 Pa.Super. 177, 487 A.2d 912 (1985), and Pennsylvania law holds that the mutuality necessary to the assertion of a defense of recoupment against a judgment in foreclosure is absent in a claim of fraud in the inducement. *See Chrysler First Business Credit Corp. v. Gourniak*, 411 Pa.Super. 259, 601 A.2d 338, 341–42 (1992) (action for fraudulent inducement is not part of or incident to the creation of the mortgage).

■ Under the doctrine of mutuality of demand expressed in *Porter v. Levering* and implied in *Household Consumer Discount Company v. Vespaziani*, Pennsylvania law might permit the assertion of a recoupment defense on the grounds of fraud in the inducement in the actions on the notes, which are actions *in personam.* Considering defendants' allegations of Mellon's unclean hands on their merits, however, defendants produce no evidence to show that Mellon was even aware of the alleged fraudulent scheme employed by Resort Development Corporation and the fraudulent sales pitches used by employees and agents of Resort Development. No evidence contradicts Ostrom's testimony establishing Mellon's good faith and lack of knowledge of Resort Development Corporation's fraud.

The defendants' evidence, which in some but not all respects is duplicative of the *Bhatla* record, indicates that the defendants themselves dealt almost exclusively with Jeff Wheeler, Resort Development Corporation's Vice President for Sales, or with salesmen employed by Wheeler, particularly Bob Sirianni and Art Larson. *See* Exhibits Supporting Mellon's Motions for Summary Judgment, Exhibit D (Combined Interrogatory answers of defendants/Bhatla plaintiffs). No evidence links the misrepresentations by the salesmen to any action by any employee of Mellon Bank. In *Bhatla*, the evidence was found to be insufficient to personally involve individual officers and employees of U.S. Capital Corporation and Resort Development Corporation in Wheeler's alleged fraudulent statements. The evidence in this matter is once removed even from that state of affairs, because the evidence of record indicates that the presumptively responsible officials at Resort Development Corporation and its parent, U.S. Capital Corporation, did not personally deal with Mellon Bank. *See* Bobo deposition, 22, 24–25 (Exhibits Supporting Mellon's Motions, Exhibit K); Sease deposition, 23 (*id.*, Exhibit L); Tomlin deposition, 38, 41 (*id.*, Exhibit J). Once again, the uncontradicted evidence of record establishes that Mellon is a holder in due course of the notes.

Appropriate orders will be entered in each of these consolidated actions.