

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-1995

# Silverman v Eastrich

Precedential or Non-Precedential:

Docket 94-1783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Silverman v Eastrich" (1995). *1995 Decisions.* Paper 86.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/86

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————————

No. 94-1783

—————————————

Janice Silverman,


Appellant,

v.

Eastrich Multiple Investor Fund, L.P.

—————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 94-cv-2881)

—————————————

Argued February 2, 1995

Before: SCIRICA, ROTH, and SAROKIN, Circuit Judges

(Filed    March 28, 1995)

—————————————

Neil E. Jokelson (argued)
Neil E. Jokelson & Associates, P.C.
230 South Broad Street, 18th Floor
Philadelphia, PA 19102

Attorney for Appellant

Thomas J. Elliott (argued)
Elliott Reihner Siedzikowski
    North & Egan, P.C.
Union Meeting Corporate Center V
P.O. Box 3010
925 Harvest Drive
Blue Bell, PA 19422

Attorney for Appellee

---

OPINION OF THE COURT

---

SAROKIN, <u>Circuit Judge</u>:


Plaintiff Janice Silverman appeals the dismissal of her complaint claiming violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 <u>et.</u> <u>seq.</u>, and the denial of her motion for declaratory and injunctive relief. Plaintiff alleges that she was required to guaranty a loan for the benefit of her spouse in violation of the ECOA. Assuming, without deciding, that plaintiff's right to initiate an action for damages based upon such alleged violation is barred by the statute of limitations, no such bar exists to asserting such violation as a defense to efforts to collect on said guaranty. Plaintiff did not forfeit her right to raise such defense merely by her failure to institute an independent action to assert it. Accordingly, we reverse the district court's dismissal of plaintiff's complaint and denial of declaratory and injunctive relief and remand for further proceedings for the reasons hereinafter set forth.


## I. Facts and Procedural History

In February of 1986, Hunt's Pier Associates ("Hunt's Pier"), a New Jersey general partnership, borrowed $10,000,000 (the "Loan") from Atlantic Financial Federal ("Atlantic").

Atlantic required all Hunt's Pier partners to guaranty the repayment individually, jointly, and severally.  Plaintiff, one of the partners' wives, was required to sign the Guaranty Agreement ("Guaranty").

In January of 1990, Atlantic was declared insolvent, and the Resolution Trust Corporation ("RTC") took control of the Loan.  Hunt's Pier defaulted and ultimately filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code on October 23, 1991.  The RTC approved and supported the Third Amended Plan of Reorganization ("Reorganization Plan" or "Plan"), and in February of 1993, the bankruptcy court confirmed it.  The Plan extended the payment period upon the Loan, expressly leaving the Guaranty intact.

Eastrich Multiple Investor Fund, L.P. ("Eastrich") subsequently acquired the RTC's right, title, and interest in the Loan.  On April 21, 1994, Eastrich confessed judgment against the Loan's guarantors, including plaintiff, in state court.

On May 9, 1994, plaintiff filed suit in federal court, alleging Atlantic and Eastrich violated her rights under the ECOA:  (1) Atlantic, by requiring her signature on the Guaranty although she allegedly had no other connection to the transaction and (2) Eastrich, by instituting state collection proceedings against her.  In Count II of her complaint, plaintiff alleged the Reorganization Plan altered the Guaranty to her detriment and

without securing her approval, which should have resulted in discharge of her guaranty.

Silverman moved for injunctive relief in federal court,[1] requesting Eastrich be enjoined from executing on the $10,000,000 state court confession of judgment against her. In addition to her claims against Atlantic and Eastrich, she also argued that the RTC violated the ECOA and its implementing regulations by approving the Reorganization Plan and failing to reevaluate the legality of her obligation under the Guaranty. Eastrich filed a motion to dismiss plaintiff's complaint for failure to state a claim. On July 13, 1994, the district court denied injunctive and declaratory relief and granted Eastrich's motion to dismiss. Plaintiff filed a timely notice of appeal.

## II. Jurisdiction and Standard of Review

The district court exercised jurisdiction under 28 U.S.C. § 1331. This court has jurisdiction over the district court's final judgment pursuant to 28 U.S.C. § 1291.

We have plenary review of the district court's dismissal of the complaint. Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). We review the denial of injunctive and declaratory relief for abuse of discretion, and in making this determination we will exercise plenary review over the district

---

1 Although plaintiff applied for a preliminary injunction, the district court noted the parties' agreement to treating it as a motion for final injunctive and declaratory relief. Silverman v. Eastrich Multiple Investor Fund, L.P., 857 F.Supp. 447, 449 (E.D.Pa. 1994).

court's conclusions of law.  Natural Resources Defense Council, Inc. v. Texaco Refining & Marketing, Inc., 906 F.2d 934, 937 (3d Cir. 1990); United States v. Pennsylvania, Dep't of Envtl. Resources, 923 F.2d 1071, 1073 (3d Cir. 1991).

## III. Discussion

The ECOA provides that it is unlawful "for any creditor to discriminate against any [credit] applicant with respect to any aspect of a credit transaction on the basis of . . . marital status."  15 U.S.C. § 1691(a)(1).  The Board of Governors of the Federal Reserve System (the "Board"), charged with making implementing regulations, provided in pertinent part in Regulation B:

> Except as provided in this paragraph, a creditor shall not require the signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested.

12 C.F.R. § 202.7(d).

## A. Standing

Eastrich argues plaintiff lacks standing to assert a violation of the ECOA.  Section 1691(a) of the ECOA prohibits creditors from discriminating against any "applicant."  An earlier version of Regulation B had defined an applicant as

> any person who requests or has received an extension of credit from a creditor, and includes any person who is or may be contractually liable regarding an extension of credit other than a guarantor, surety, endorser, or similar party.

12 C.F.R. § 202.2(e)(1985)(emphasis added). In a subsequent amendment, the definition was revised to include guarantors as "applicants."

The parties' dispute on this issue stems from the two dates provided in the amendment:

> The revised regulation and official staff commentary will become effective December 16, 1985. However, creditors have the option of continuing to comply with the Board's current regulation and existing interpretations, which remain in effect, until October 1, 1986.

Revision of Regulation B, 50 Fed. Reg. 48,018 (1985). Eastrich contends that the revised definition should be interpreted as effective from the mandatory compliance date, October 1, 1986, leaving Silverman without standing. Eastrich relies upon Boatmen's First National Bank v. Koger, in which the court applied the mandatory compliance date as the effective date and ruled the guarantor thereby lacked standing. 784 F.Supp. 815 (D.Kan. 1992); see also Mayes v. Chrysler Credit Corporation, 37 F.3d 9 (1st Cir. 1994)(adopting, without discussion, effective date of October 1, 1986).

The district court declined to follow Koger, noting the Koger court did not discuss or even mention the December 16, 1985

date.  If October 1, 1986 is the effective date, then the December 16, 1985 date is unmoored to any purpose.  In effect, the Koger decision renders this latter date entirely superfluous.  This violates a basic tenet of statutory construction, equally applicable to regulatory construction, that a statute "should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." 2A Norman J. Singer, Sutherland, Statutes and Statutory Construction, § 46.06, at 119-20 (5th ed. 1992)("Sutherland Statutory Construction").

The Board's discussion of the revised Regulation B supports the district court's interpretation of the effective date.  The mandatory compliance date should not be misconstrued as the effective date of the revisions.  The prior version of Part 202 was redesignated as Part 202a, and the Board repeatedly referred to the "new [revised] Part 202" as effective on December 16, 1985.[2]  The Board specifically commented that several revisions may necessitate "operational changes," and the October 1, 1986 date offered creditors a grace period to implement such

---

[2] Under the section entitled, "Effective Date," the Board noted a "new Part 202 is added to be effective on December 16, 1985" and made no mention of an optional compliance period. Revision of Regulation B, 50 Fed. Reg. 48,018 (1985).  Later, under the section, "Supplementary Information," the Board added the language giving creditors the "option" of continuing to follow the then existing Part 202. Id.

changes. 50 Fed. Reg. 48,018. However, the Board deemed expansion of the term "applicant" as a "substantive" change not requiring modification of procedures. Id. The district court emphasized the fact that the ECOA has from its inception prohibited requiring spousal guaranties. Hence, conferring standing upon guarantors places no additional requirements upon creditors, which accords with the Board's commentary, and thus the expanded definition of "applicant" was immediately effective as of December 16, 1985.

## B. Statute of Limitations

The statute of limitations for bringing an ECOA claim is two years from the date of an alleged violation. The district court concluded that the statute of limitations had run on the initial alleged violation and that the failure to release her from the Guaranty during the bankruptcy proceedings, as well as the institution of collection proceedings against her, did not constitute new violations of the ECOA, each with its own two-year limitations period. We need not reach those issues because we conclude that the alleged violation is not barred as a defense.

## III. Right of Recoupment

There are numerous circumstances under which a guarantor may institute an action to declare his or her guaranty void and seek damages or other relief. The expiration of the

statute of limitations calculated from the execution of said guaranty may bar the institution of such independent action.  No such bar exists, however, to the utilization of such grounds as a defense.

A guarantor may have the right to challenge a loan as usurious or on other recognized grounds.  See, e.g., McCarthy v. First Nat'l Bank, 223 U.S. 493, 498 (1911)("As to the defense [that a contract is usurious], there is no statute of limitations.  Whenever sued the debtor may plead the usurious contract and be relieved from paying any interest whatever.  But if he elects to avail himself of the cause of action, he must sue 'within two years from the time the usurious transaction occurred'").  However there may be no need to do so, if no effort is made to seek collection from the guarantor.  Numerous other examples exist which do not and should not bar debtors or guarantors from asserting such defenses notwithstanding that independent actions based thereon are time-barred.  See, e.g., Mellon Bank, N.A. v. Pasqualis-Politi, 800 F.Supp. 1297, 1301-02 (W.D.Pa. 1992)(assertion of otherwise time-barred securities fraud claim is permissible recoupment defense in an action for judgment on promissory notes if related to the nature of plaintiff's demand), aff'd sub nom. Bhatla v. United States Capital Corp., 990 F.2d 780 (3d Cir. 1993); Household Consumer Discount Co. v. Vespaziani, 490 PA 209, 217-24 (1980)(statute of

limitations does not bar recoupment claim of Truth in Lending Act violation to lenders' suit to collect on loans).

In this matter, plaintiff retained the right to assert the violation when efforts were made to collect and enforce the Guaranty.[3]  See Integra Bank v. Freeman, 839 F.Supp. 326, 330 (E.D.Pa. 1993)("Claims by way of recoupment are 'never barred by the statute of limitations so long as the main action itself is timely'")(quoting Bull v. United States, 295 U.S. 247, 262 (1935)).  Although plaintiff brought this suit in federal court, her ECOA claim was raised in direct response to Eastrich's state court confession of judgment, which did not require or provide for an answering pleading.  The Loan note provided that in the event of default, the maker, Hunt's Pier, "authorizes any attorney of any court of record to appear for Maker and confess judgment for the same . . . against Maker in favor of the holder hereof."  App. at 188.  Through the confession of judgment provision, Hunt's Pier, in effect, gave consent to having judgment entered against itself and by extension, its guarantors. Such a provision permits the creditor or its attorney simply to apply to the court for judgment against the debtor in default without requiring or permitting the debtor or guarantors to respond at that juncture.  The Guaranty further provided that the guarantors irrevocably waived notice of "the commencement or

_____

[3] Pennsylvania law requires that "the defense asserted by way of recoupment must be related to the nature of the demand brought by the plaintiff."  Mellon Bank, 800 F.Supp. at 1301 (citation omitted).  This "mutuality of demand" requirement is clearly met in this case. Id.

prosecution of any enforcement proceeding, including any proceeding in any court, against Borrower or any other person or entity with respect to any of the Guaranteed Obligations." App. at 242. In fact, after the state court entered judgment, plaintiff received a notice from a prothonotary of the state court, notifying her that a judgment of confession had been entered against her. App. at 295-96. Thus, in essence, plaintiff's alleged ECOA violation is asserted as a defense to the state confession of judgment.

We, therefore, reverse the district court's determination that the ECOA cannot be used defensively. The district court held that the "ECOA's statutory scheme does not contemplate the invalidation of a guaranty as a remedy for an ECOA violation, and that a defensive use of the ECOA is therefore impermissible." 857 F.Supp. at 453. Although the Integra court noted that some courts have refused to grant relief from obligations under an unlawful credit instrument, we find the court's analysis of the ECOA persuasive:

> Congress -- in enacting the ECOA -- intended
> that creditors not affirmatively benefit from
> proscribed acts of credit discrimination. To
> permit creditors -- especially sophisticated
> credit institutions -- to affirmatively
> benefit by disregarding the requirements of
> the ECOA would seriously undermine the
> Congressional intent to eradicate gender and
> marital status based credit discrimination.

Integra, 839 F.Supp. at 329. This interpretation of the statute best forwards its purposes, particularly in light of the

inclusion of a broad remedial provision, Section 1691e(c), in the ECOA.[4] Furthermore, as the Integra court observed, "[t]his rule places a creditor in no worse position than if it had adhered to the law when the credit transaction occurred. A creditor may not claim to have relied factually upon a guarantor's assets if it has never requested nor received financial information regarding them. Further, a creditor may not claim legal reliance on a signature that was illegally required in the first instance." Id. at 329.

If Atlantic did in fact violate the ECOA, then plaintiff may have a valid defense and obtain relief from her obligations under the Guaranty. We note however that if plaintiff's guaranty is voided, this would not void the underlying debt obligation nor any other guaranties. See id. ("[W]hile an ECOA violation should not void the underlying credit transaction[,] an offending creditor should not be permitted to look for payment to parties who, but for the ECOA violation, would not have incurred personal liability on the underlying debt in the first instance"). The district court ruled in favor of defendant as a matter of law and did not make a factual determination that Atlantic required her signature solely based upon her marital relationship with a borrower. Although the

---

[4]   Section 1691e(c) provides that "[u]pon application by an aggrieved applicant, the appropriate United States district court or any other court of competent jurisdiction may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed under this subchapter."  15 U.S.C. § 1691e(c).

district court noted plaintiff was not a partner in Hunt's Pier, Atlantic may have justifiably required her to guaranty the loan if it determined her husband was not independently creditworthy.

Eastrich also raises another critical consideration. It claims it is not a "creditor" as defined in the statute:

> <u>Creditor</u> means a person who, in the ordinary course of business, regularly participates in the decision of whether or not to extend credit.  The term includes a creditor's assignee, transferee, or subrogee who so participates . . . . A person is not a creditor regarding any violation of the act or this regulation committed by another creditor <u>unless the person knew or had reasonable notice of the act, policy, or practice that constituted the violation before becoming involved in the credit transaction</u> . . . .

12 C.F.R. § 202.2(l)(emphasis added).  If Eastrich was a holder in due course and thus, not a "creditor," then it is not subject to plaintiff's ECOA defense.  The district court did not address this issue, and the record lacks sufficient factual findings for this court to make such a determination.  If plaintiff was compelled to execute the Guaranty in violation of the ECOA and Eastrich knew or had reason to know of the violation, plaintiff is not barred from asserting the violation as a defense to any efforts by Eastrich to collect thereon, notwithstanding that her right to institute an independent action may be time-barred.  If plaintiff was required to sign said Guaranty without any reliance by the lender upon her creditworthiness, solely for the purpose

of expediting a loan for her spouse and his business, that Guaranty cannot be enforced against her by the original lender or any subsequent holder of the loan who knew or had reason to know of those circumstances. Although such circumstances would have permitted the institution of an independent action within the statutory period, the violation may be asserted as a defense at any time following efforts to enforce the Guaranty. To hold otherwise would not protect against the discrimination which the statute seeks to prevent and prohibit. Accordingly, we will remand to the district court for a hearing to determine, factually and legally, whether Atlantic violated the ECOA in requiring plaintiff's signature and whether Eastrich knew or had reason to know of the violation when it acquired the Guaranty. On the basis of these findings, if appropriate, the district court should reconsider granting the request for injunctive relief.

## IV. Conclusion

For the foregoing reasons, we reverse the district court's dismissal of plaintiff's complaint and denial of injunctive and declaratory relief. We remand for further proceedings consistent with this opinion.

_____