**SONY ELECTRONICS, INC., Plaintiff,**

v.

**S.G. PUTNAM, JR., et al., Defendants.**

Civ. A. No. 95–2901.

United States District Court,
D. New Jersey.

Dec. 28, 1995.

Albert C. Braslow, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, PA, for Plaintiff.

L. Oliver Frey, Frey, Petrakis, Deeb & Blum, Mt. Laurel, NJ, for Defendants Fox and Plowfield.

WOLIN, District Judge.

Before the Court is plaintiff's motion to dismiss the counterclaim of defendants Harvey H. Plowfield, John A. Fox and Anne C. Fox for violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* (the "ECOA"). The Court has decided the motion upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, plaintiff's motion will be granted without prejudice and counterclaimants will be granted leave to amend· their answer.

Plaintiff brought this action·on a guaranty agreement dated October 14, 1988 which each of the counterclaimants signed. Coun-

terclaimants assert that, by requiring Anne C. Fox and defendant Ethyl Mae Plowfield to sign the guaranty agreement as co-guarantors with their husbands, plaintiff violated the ECOA. For purposes of this motion, the parties who were required to obtain their spouses' signatures in order to receive credit will be termed "applicants," while the persons who provided these signatures will be referred to as "spouses."

The parties agree that the two-year statute of limitations for such claims has passed. However, counterclaimants assert, citing *Silverman v. Eastrich Multiple Investor Fund,* 51 F.3d 28 (3d Cir.1995), that "an ECOA violation is not time barred if it is raised as a defense to payment of amounts claimed due, as it essentially was in the instant case." (Response Br. p. 2)

In *Silverman,* a wife who had acted as co-guarantor on a loan for her husband commenced an ECOA action in federal court against a creditor who had obtained a judgment against her in state court. The Third Circuit held that, although the statute of limitations might bar an independent action to declare her guaranty void and seek damages, it did not bar her use of the alleged ECOA violation as a defense. *Id.* at 32. Accordingly, it allowed her claim for declaratory and injunctive relief. *Id.* at 34; *accord, Federal Deposit Ins. Corp. v. Medmark, Inc.,* 897 F.Supp. 511, 514 (D.Kan.1995). Similarly, the rights of applicants are limited, but not extinguished, after the statute of limitations has run. *See Integra Bank/Pittsburgh v. Freeman,* 839 F.Supp. 326, 330 (E.D.Pa. 1993) (applicant may seek only recoupment damages after limitations period has run).

Because counterclaimants seek actual and punitive damages for plaintiff's alleged violation of the ECOA, their counterclaim must be dismissed; however, the Court will dismiss the counterclaim without prejudice and grant counterclaimants leave to amend their claim to request recoupment or declaratory relief (as appropriate) rather than actual or punitive damages.[1]

---

1. Plaintiff also claims, citing *Dow Chemical Co. v. Schaefer Salt and Chemical Co.,* 1992 WL 672289, *17 (D.N.J.1992), that defendant Anne C. Fox lacks standing to assert an ECOA viola-

tion because it was allegedly her husband, and not herself, who was denied credit in violation of the ECOA. Plaintiff is correct that *Dow Chemical,* as well as other cases, have held that only

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss the counterclaim for relief under ECOA will be granted without prejudice and defendants will be granted leave to amend their answer.

An appropriate order is attached hereto.

## *ORDER*

In accordance with the Court's Opinion filed herewith,

It is on this 28th day of December, 1995

ORDERED that plaintiff's motion to dismiss the counterclaim for relief under ECOA is granted without prejudice; and it is further

ORDERED that defendants are granted leave to amend their answer within thirty (30) days of the date of this Order.

the applicant has suffered the discrimination the ECOA was designed to remedy and, accordingly, only that party has standing. In *Silverman*, 51 F.3d at 31, however, the Third Circuit allowed defensive use of the ECOA by a spouse. *See also Silverman v. Eastrich Multiple Investor Fund*, 857 F.Supp. 447, 451–52 (E.D.Pa.1994) (district court's discussion of standing issue). Accordingly, this Court declines to dismiss plaintiff's claim against defendant Anne C. Fox based on lack of standing.