JOURNAL ENTRY AND OPINION
Appellants, Thomas O. McKibben and Elaine B. McKibben, appeal the order of the trial court adopting the magistrate's decision to foreclose appellant's home. For the following reasons, we affirm.
Appellants purchased the home in 1955. On November 23, 1983, they refinanced with appellee, Bancplus Mortgage. Appellants both signed a promissory note to appellee in the amount of $49,850. Appellants executed a mortgage deed conveying the property to appellee.
In 1996, appellee filed a complaint in foreclosure alleging that appellants had defaulted on the note, and due to the acceleration clause, the entire amount of the note was due.
Appellants' counterclaims were as follows: (1) Appellee violated the National Housing Act by failing to provide defendants with a form for assignment of the loan to HUD. Appellee did not offer other alternatives to foreclosure. (2) Appellee violated the Real Estate Settlement Procedures Act (RESPA) by requiring escrow amounts in excess of the maximum allowed by RESPA. (3) Appellee filed fraudulent proof of claims in appellants' bankruptcy case, in violation of RICO. The claims included impermissiblecharges and overstated the amount due. (4) Appellee violated the Equal Credit Opportunity Act by requiring Elaine McKibben to execute the promissory note, when appellee solely relied on the credit of Thomas McKibben. (5) Appellee breached its contract with appellants by requiring excessive escrow deposits. Appellees required amounts to be paid into escrow for late fees, attorney fees, etc., and the mortgage documents do not authorize the charging of the escrow account for these items. (6) Appellee made misrepresentations that it was managing the loan in accordance with law. (7) The excessive and improper charges to escrow amounted to a breach of fiduciary duty. (8) Acceleration of the balance and charging late fees after acceleration violates the mortgage document and constitutes a deceptive trade practice. (9) Appellee's demand to pay the sum of $18,261 to stop the 1991 Sheriff's sale inflated appellants' indebtedness and breached appellee's duty of good faith. (10) The mortgage deed was not executed in the presence of two witness or before a notary.
Appellee's motion for summary judgment attached correspondence from appellee to appellant dated Sept. 15, 1995, urging appellants to contact an authorized HUD counseling agency to see if appellants could get a loan from HUD. Appellee enclosed a list of counseling agencies in the area. Appellee sent another similar notice to appellants on October 24, 1995. A loan history was attached to the motion for summary judgment, detailing the charges to escrow.
Appellants did not file a response to appellee's motion for summary judgment. The magistrate found that the motion for summary judgment should be granted. Appellants filed objections to the magistrate's report. Attached to the objections is an affidavit of Elaine McKibben. The affidavit states that she disclosed her unemployed status to appellee, and appellee relied solely on the creditworthiness of Thomas McKibben.
The trial court found that the uncontradicted evidence demonstrated that appellee complied with the Equal Opportunity Credit Act and there was no evidence supporting appellants' counterclaims. The court overruled appellants' objections, and adopted the magistrate's report.
An order of sale was issued to the Sheriff. Appellants state in their appellate brief that a sale was held on September 28, 1998, but was not confirmed. The trial court ordered that the Sheriff's sale be vacated. Appellants still have title to the property.
Appellant's assignments of error are interrelated and will be discussed together. They state:
 THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION WHICH FAILED TO PROPERLY APPLY THE LEGAL STANDARD FOR GRANTING SUMMARY JUDGMENT.
 THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION GRANTING A DEFAULT SUMMARY JUDGMENT.
 THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION WHICH FAILED TO DISCUSS OR DETERMINE DEFENDANT'S EQUAL CREDIT OPPORTUNITY ACT DEFENSES, AND OTHER CLAIMS.
Summary judgment is appropriate upon the demonstration: (1) that there is no genuine issue as to any material fact (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. See Civ.R. 56(C), Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party must be able to point to some evidence which is listed under Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party lacks evidence to support the nonmoving party's claim. Vahila v. Hall (1997), 77 Ohio St.3d 421; Celotex Corp. v. Catrett (1986),477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; Beder v. Cleveland Browns, Inc. (1998), 129 Ohio App.3d 188, 193. A moving party does not have to negate the opponent's claims, but must point to some evidence which demonstrates the absence of a genuine issue of material fact. Celotex, supra. If the moving party does not satisfy its initial burden, the nonmoving party does not have a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. Vahila, supra.
Appellants assert that appellee did not present evidence sufficient to demonstrate that appellants could not recover on their counterclaims. The documents attached to appellee's motion for summary judgment demonstrated that appellee did meet its obligation to notify appellant of the HUD assignment program. The federal regulations do not require appellee to provide special forbearance relief, but states that such relief may be provided. Section 203.614, Title 24, C.F.R. Appellee met its initial burden on the first counterclaim.
Appellants' second, third, fifth, six, seventh, eighth and ninth counterclaims are all based on allegations that appellee made excess or improper charges to escrow and/or charged appellants in a manner contrary to the mortgage documents. It appears from the loan history that no improper items were deducted from escrow, and the deductions from escrow were not excessive. Appellants were charged legal fees and late fees, which appellants apparently paid for separately.
The mortgage documents provide for acceleration of the principal. Paragraph 11 of the mortgage deed provided that if appellee is a party to a lawsuit involving the mortgage, appellee's attorney fees and expenses will become additional indebtedness. The parties agreed that appellee could charge late fees in Paragraph 2(c) of the mortgage deed. The documentation in appellee's motion for summary judgment was sufficient to show that reasonable minds could only find in favor of appellee on the second, third, fifth, six, seventh, eighth and ninth counterclaims.
The fourth counterclaim asserted that appellee violated the Equal Credit Opportunity Act by requiring Elaine McKibben to execute the promissory note. Appellants assert that appellee solely relied on the credit of Thomas McKibben. Elaine McKibben was unemployed and had no income. The Equal Credit Opportunity Act states that it is unlawful to discriminate against a loan applicant on the basis of sex or marital status. Section 1691a, Title 15, U.S. Code.
 [A] creditor shall not require the signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of credit-worthiness for the amount and terms of the credit requested.
Section 202.7(d), Title 12, C.F.R.; see also Silverman v. Eastrich Multiple Investor Fund, L.P., (C.A.3 1995), 51 F.3d 28, 30. See Anderson 51 F.3d 29. In this case, the loan was not made solely for the benefit of Thomas McKibben. The loan was a refinancing of the mortgage for the home owned by Thomas and Elaine McKibben. Elaine McKibben was a joint applicant for this loan, and certainly benefitted from the loan. The evidence demonstrated that appellee was entitled to summary judgment on the fourth counterclaim.
The tenth counterclaim asserted that the mortgage deed was not executed in the presence of two witness or before a notary. The copy of the mortgage deed attached to the complaint and to the motion for summary judgment does not contain signatures. The names of the two witnesses and the notary are typed in, with /s/ in front of the names. This evidence was sufficient to satisfy the appellee's initial burden to demonstrate the absence of a genuine issue of material fact as to the validity of the deed. Appellants failed in their reciprocal burden to show that the witnesses and the notary did not actually sign the deed. See generally In re Williams (Bkrtcy.N.D.Ohio 1999) 240 B.R. 884.
In conclusion, appellee was able to point to portions of the record which demonstrated that appellants lacked evidence to support their counterclaims. Appellants did not file a reply brief to appellee's motion for summary judgment. Appellants failed to meet their burden to show there was a genuine issue as to any of the counterclaims.
Accordingly, appellants' assignments of error are overruled. The decision of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
CORRIGAN, J., AND PORTER, J., CONCUR.
ANN DYKE, ADMINISTRATIVE JUDGE