Janice JOHNSON; Ernest Johnson, Jr.; Ernest Johnson, Sr., Appellants,

v.

Tim HOAGLAND, Patrolman, in his official and individual capacities; Port Authority Transit Corp.

No. 01–2684.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on March 8, 2002.

Filed March 15, 2002.

Before BECKER, Chief Judge, ALITO, and RENDELL, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Ernest Johnson, Jr., Janice Johnson and Ernest Johnson, Sr., brought this action against Timothy Hoagland, a police officer for the Port Authority Transit Corporation ("PATCO"), in both his official and individual capacities, and against PATCO alleging violations of their civil rights under 42 U.S.C. § 1983. During the pendency of this action before the District Court, Officer Hoagland filed a petition for bankruptcy and received a discharge of all dischargeable debt under 11 U.S.C. § 727. Hoagland filed a motion in District Court to dismiss or alternatively for summary judgment, and PATCO filed a motion for summary judgment. The court dismissed all claims against Hoagland and granted PATCO's motion for summary judgment. The Johnsons appeal.

The District Court had jurisdiction over the Johnsons' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343, and exercised supplemental jurisdiction over the Johnsons' state common law claims pursuant to 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We subject the District Court's grant of summary judgment to plenary review. *Beers–Capitol v. Whetzel*, 256 F.3d 120, 130 n. 6 (3d Cir.2001). Plenary review is also warranted in reviewing the District Courts dismissal of a complaint. *Silverman v. Eastrich Multiple Investor Fund, L.P.*, 51 F.3d 28, 30 (3d Cir.1995). However, we review the denial of declaratory relief for an abuse of discretion. *Id.*

The Johnsons concede that Officer Hoagland cannot be liable for monetary damages because of the discharge of his debts, but argue instead for a declaratory judgment against him. We agree with the District Court that declaratory relief is not appropriate in this case because the Johnsons "have failed to allege a genuine controversy the resolution of which would be aided by a declaration by this Court that Officer Hoagland violated plaintiffs' civil rights." App. at A–17.

The District Court considered next whether PATCO violated the Johnsons civil rights by not properly training its police officers. Even if, as the Johnsons argue, the allegation was more properly characterized as whether "PATCO developed and maintained policies or customs exhibiting a deliberate indifference to the Constitutional rights of persons which cause the violation of Plaintiffs' rights," App. Br. at 21 (citing Amended Complaint ¶ 34), summary judgment was properly granted. The District Court carefully considered the allegations, and properly determined that the Johnsons had not made a showing that Hoagland's training was deficient or that PATCO was deliberately indifferent to an alleged need for additional training.

We also agree with the District Court's conclusions that the Johnsons' loss of consortium claim against PATCO fails for lack of a predicate claim, and that PATCO was not given timely notice to defend in regard to the Johnsons' common law claims.

Accordingly, we will affirm the District Court's order on all counts.

---

* Hon. Cynthia Holcomb Hall, Senior Judge of the United States Court of Appeals for the