582 A.2d 364

**Homer M. WAGNER and Robert N. Wagner, t/d/b/a Wagner & Wagner, Appellants,**

**v.**

**APOLLO GAS COMPANY.**

Superior Court of Pennsylvania.

Argued March 29, 1990.

Filed Nov. 9, 1990.

Blair F. Green, Kittanning, for appellants.

Joseph L. Robinson, Pittsburgh, for appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order granting appellee's motion for summary judgement. We reverse and remand for proceedings consistent with this opinion.

The pertinent facts, as outlined by the lower court, are as follows.

[Appellants] and [appellee] entered into a natural gas purchase [contract] (via their predecessors in interest) on December 8, 1970 (hereinafter referred to as "Contract"). [Appellants were] to supply natural gas to [appellee], which was to pay 34 cents per 1000 cubic feet of natural gas. [Appellants] contend that [appellee] failed to pay price increases that became effective on May 6, 1974, November 29, 1974 and July 30, 1975. There has been no gas produced and taken by [appellee] since November 15, 1975 and [appellee] removed its gas meter in October of 1981.

[Appellants] instituted a declaratory judgment action on February 9, 1987 and an action for damages on January 8, 1988. [These] actions were consolidated by order of this Court on June 9, 1988.

Subsequently, [appellee] moved for summary judgment, claiming that [appellants'] actions [were] time barred.

Appellants contend that the lower court erroneously granted appellee's motion for summary judgment with regard to its declaratory judgment action. As noted *supra*, the lower court found appellants time-barred from suing appellee for breach of contract. Appellants argue, however, that the pertinent statute of limitations barred only their recovery of damages. Moreover, appellants state that the declaratory judgment action is necessary to ascertain the remaining rights and obligations of the parties. We agree.

"Declaratory judgments are nothing more than judicial searchlights, switched on at the behest of a litigant to illuminate an existing legal right, status or other relation. They may not be used to search out new legal doctrines."

*Doe v. Johns–Mansville Corp.*, 324 Pa.Super. 469, 473, 471 A.2d 1252, 1254 (1984). Under the Declaratory Judgment Act, "[c]ourts ... have the power to declare rights, status and other legal relations *whether or not further relief is or could be claimed.*" 42 Pa.C.S.A. § 7532 (emphasis added).

██ Under section 7533 of the Act, "[a]ny person interested under a deed, will, written contract ..., may have determined any question of construction or validity arising under the instrument, or ... contract, and obtain declaration of rights, status, or other legal relations thereunder." In this case, the lower court properly dismissed appellants' action for damages pursuant to our commercial code's statute of limitations. Still unresolved, however, are the parties' remaining rights and obligations pursuant to the gas purchase contract.

██ As noted *supra,* our legislature has stated that a litigant has the right to pursue a declaratory judgment "whether or not further relief is or could be claimed." 42 Pa.C.S.A. § 7532. Furthermore, it is well established in this Commonwealth that "[a] contract may be construed either before or after there has been a breach thereof." 42 Pa.C.S.A. § 7536. Thus, with these principles in mind, we hold that a party may pursue a declaratory judgment pursuant to section 7532 despite an unsuccessful damages claim. We must still ascertain, however, whether appellant's declaratory judgment claim is also time-barred pursuant to a statute of limitations. *See* 42 Pa.C.S.A. §§ 7538 and 5525.

██ In its opinion, the lower court found that a contract for the sale of gas must be deemed a contract for the sale of goods under our Commonwealth's codification of the Uniform Commercial Code. 13 Pa.C.S.A. § 2107. As a result, the lower court correctly stated that appellant's breach of contract claim was time-barred pursuant to the applicable statute of limitations. 42 Pa.C.S.A. § 5525(2). We note, however, that this section is applicable only to actions for breach of contract, with the limitations period starting at the time of the breach. 13 Pa.C.S.A. §§ 2725(a)

and (b). Thus, while we agree with the trial court's conclusion that appellants' breach of contract case is time-barred, we reach a different conclusion with regard to appellants' declaratory judgment action.

Our research fails to reveal the prescription of a specific statute of limitations with regard to declaratory judgment actions. More importantly, we find the aforementioned statute of limitations inapplicable. To start the running of the statute of limitations in a declaratory judgment action from the time of a contract breach when such a cause of action may arise regardless of the existence of a breach is both inconsistent and illogical. Since we find no specific articles of Section 5525 applicable, we find the four year "catch all" statute of limitations appropriate in this instance. 42 Pa.C.S.A. § 5525(8).

■ In order to sustain an action under the Declaratory Judgment Act, a plaintiff must demonstrate an "actual controversy" indicating imminent and inevitable litigation, and a direct, substantial and present interest. *Avrich v. General Accident Ins.*, 367 Pa.Super. 248, 251, 532 A.2d 882, 884 (1987). Because an action for declaratory judgment cannot be sustained until these elements can be shown to exist, it follows that a cause of action for declaratory judgment does not arise until such "actual controversy" exists. *Petition of Malick*, 133 Pa.Super. 53, 58–60, 1 A.2d 550, 553–54 (1938).

■ In the instant case, the controversy is over the continued validity of the contract. Appellants claim that it is null and void while appellee stands ready to resume performance under the contract. This controversy may not have come into existence when appellee allegedly breached the contract by failing to pay the price increases in 1974 or 1975, or when appellants stopped supplying gas in 1975 or removed the gas meter in 1981. Causes of action for breach of contract may have allegedly arisen at the time, but there has been no indication that a controversy arose as to the continued validity of the contract. It appears from

the correspondence contained in the record that some time before March 5, 1985, the parties began to negotiate the possibility of resuming the sale of gas produced from that lease. Appellee wanted those sales to be governed by the terms of the 1970 contract while appellants wanted that contract released or its terms renegotiated. Appellants then filed a declaratory judgment action in February 1987. Thus, we find that the present controversy ripened into a cause of action for declaratory judgment in 1987 and is not barred by the pertinent statute of limitation.

The order of August 7, 1989 is vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.