**REFAC FINANCIAL CORPORATION**

v.

**PATLEX CORPORATION.**

Civil Action No. 94–CV–6694.

United States District Court,
E.D. Pennsylvania.

Jan. 22, 1996.

David N. Bressler, Lesser & Kaplin, P.C., Blue Bell, PA, for Plaintiff.

Thomas B. Kenworthy, Morgan, Lewis & Bockius, Philadelphia, PA, for Defendant.

## MEMORANDUM

JOYNER, District Justice.

Plaintiff, Refac Financial Corporation (Refac–F), has moved this Court for partial summary judgment on three separate issues. The motion is opposed by defendant Patlex Corporation, which seeks summary judgment in its favor on one of the issues raised by Refac–F. This action concerns the interpretation of a patent licensing agreement (the 1984 Contract) entered into by Patlex and several non-parties. Patlex interprets the 1984 Contract in a way that allows it to make certain deductions from its revenue before it computes the royalties due under the contract. In turn, Refac–F computes the royalties before the deductions are taken. Two of the non-party signatories, Refac Technology (Refac–T) and Refac International (Refac–I), have allegedly assigned their interest in the 1984 Contract to Refac–F, giving it standing to sue under the contract. Refac–F makes two basic claims, one for breach of contract and one for declaratory judgment.

## STANDARD OF REVIEW

In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991). (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

## DISCUSSION

### I. Assignment of the 1984 Contract

Refac–F seeks a summary judgment that it possesses all of both Refac–T and Refac–I's interests in the 1984 Contract. The question raised today is the same as that raised in an earlier Motion to Dismiss, namely, whether Refac–T assigned its interest in the 1984 Contract to Refac–I prior to September 30, 1991. The relevance of this date is that Refac–I assigned its interest in the 1984 Contract to Refac–F on September 30, 1991. This means that if Refac–T did assign its interest to Refac–I before that date, then the interest that Refac–I assigned to Refac–F would have included Refac–T's interest.

This is an important question because Refac–F can only meet the $50,000 jurisdictional limit if it possesses both Refac–I and Refac–T's interests in the 1984 Contract. In ruling on the Motion to Dismiss, we held that Refac–F had made a prima facie case of jurisdiction, but expressly reserved final resolution of this question for summary judgment or trial.

Refac–F's most important evidence to show an assignment is a Ratification that the President of all three Refac companies, Mr. Tuchman, made on October 28, 1994. This ratification states that at some time prior to September 30, 1991, Refac–T did assign its interest in the 1984 Contract to Refac–I. Mr. Tuchman explained the need for such a Ratification at his deposition, testifying that he had searched all three companies' records but could not find a contemporaneous written assignment. He also submits an affidavit explaining that because all three companies are so close, it may not have seemed necessary to formalize the assignment in writing.

Other than the Ratification, Refac–F presents evidence that when royalties on the first quarter after the alleged dual assignment became due in January, 1992 and from then on, each royalty payment indicated that it was prepared for Refac–F and that all royalty payments since then have, in fact, been made to Refac–F. It also presents a November 30, 1992 memo from Refac–F to Patlex stating that Refac–T and Refac–I had earlier assigned their interests in the 1984 Contract to Refac–F.

Patlex's evidence in opposition does not necessarily contradict the above. It presents, for example, a letter that it wrote to Refac–T on October 30, 1991, one month after the alleged dual assignment to Refac–F, concerning the 1984 Contract. It also presents a December 5, 1991 letter from Refac–T to Patlex concerning royalty payments. Patlex argues that these letters, written after the Refac–I assignment, show that Refac–T still had an interest in the 1984 Contract after the alleged assignment to Refac–I. However, both letters concern payments for the quarter ending September 30, 1991, so that Refac–T's interest in those payments is not necessarily contradictory of an assignment, so long as the assignment occurred during the quarter ending September 30, 1991. Patlex's other evidence, such as records showing that Patlex paid royalties to Refac–T from January 30, 1989 through April 29, 1989 and a November, 1990 letter from Refac–T to Patlex objecting to underpayments, is similarly unavailing if the Refac–T to Refac–I assignment took place in the quarter ending September 30, 1991.

Much of Patlex's argument is based on an apparent misreading of Tuchman's October 28, 1994 Ratification.[1] Patlex consistently treats this document as the original assignment of Refac–T's interest. With this misreading, Refac–I's September 30, 1991 assignment to Refac–F would not include Refac–T's interest, and therefore, jurisdiction in this court would not be proper. However, the Ratification is clear that the Refac–T assignment had already taken place, and in fact, had taken place before September 30, 1991, so that the misreading is evident.

█ Further, Patlex maintains that the Ratification is inadmissible hearsay because it is not a business record made in the regular course of business at or near the time of the occurrence. F.R.E. 803(6). This Court, can, however, rule that the Ratification falls under the catch-all hearsay exception. F.R.E. 803(24). We note that there is no evidence that makes us doubt Tuchman's veracity in signing this Ratification.

Given the above, and taking Patlex's evidence as true and drawing conclusions in its favor, we find that there is a material issue of

---

1. One argument based on this misreading is the assertion that the only evidence other than the Ratification that supports a Refac–T assignment is Tuchman's affidavit and verification filed earlier in this case. Patlex argues that these documents are incapable of supporting a summary judgment motion because Tuchman has no personal knowledge of a pre-September 30, 1991 assignment because he did not join Refac until August 1, 1991 and because he never states that the assignment happened after he joined Refac. Based on this, Patlex argues that summary judgment is appropriate because there is no cognizable evidence to support an assignment. As seen in the text, because the Ratification is cognizable, evidence of such an assignment does, in fact, exist.

fact as to the assignment of Refac–T's interest in the 1984 Contract to Refac–I at some point in the quarter ending September 30, 1991. Patlex's evidence can be fairly read two ways, one supporting its position and one supporting Refac–F's. This is a classic dispute for a jury to resolve, and therefore, summary judgment will be denied.

## II. Defendant's alternative affirmative defense under quasi-contract

Second, Refac–F seeks a summary dismissal of Patlex's affirmative defense of unjust enrichment and quasi-contract. Refac–F contends that because this action is based on a written contract, quasi-contract has no place.

■■■ The parties agree both that alternative claims and defenses can be pleaded (Fed.R.Civ.P. 8(e)(2)) and that quasi-contract can only be pleaded if there is no contract or if the contract is silent on the matter. *Clark–Fitzpatrick, Inc. v. Long I.R.R. Co.,* 70 N.Y.2d 382, 521 N.Y.S.2d 653, 656, 516 N.E.2d 190, 193 (1987). Thus, Patlex agrees that it can only make its quasi-contract defense if there is an issue of fact as to whether the 1984 Contract is silent concerning the disputed deductions. The parties also agree that the deductions Patlex has made relate to:

a. verifying the accuracy of licensee royalty payments

b. asserting claims for breach of license agreements

c. determining whether a licensee has the right to assign a license agreement

d. unsuccessfully asserting that the United States was required to pay royalties in a litigation in which patent validity was not at issue.

In turn, the 1984 Contract provides that "Patlex will not deduct, . . . whether external or internal, any costs or disbursements, for *licensing activities* related to the [patents at issue] or for dealing with any disputes and disagreements with Refac concerning the [patents] or for any activities unrelated to the [patents]." (emphasis added).

Patlex's only discussion of this is to assert that a jury "could" find that the 1984 Contract is silent on the deductions and that therefore, summary judgment is inappropriate. It has presented neither evidence nor argument to support such a jury finding. We find that there is no question of fact that the 1984 Contract is not silent on this subject and find that based on Patlex's presentation to us, no reasonable jury could so find. For this reason, the issue is a matter of contract interpretation and a summary judgment on the alternative affirmative defense of quasi-contract must be granted.

## III. Defendant's affirmative defense of statute of limitations

Finally, Refac–F seeks a summary judgment on Patlex's affirmative defense that both the breach of contract and the declaratory judgment claims are barred by the statute of limitations. In turn, Patlex seeks a summary judgment in its favor on this issue.

Again, the parties and this Court agree that Pennsylvania law governs this issue and that the proper statute of limitations, on both claims, is four years.[2] 42 Pa.Cons.Stat.Ann. § 5525(8) (1981 & Supp.1995) (breach of contract); *Wagner v. Apollo Gas Co.,* 399 Pa.Super. 323, 582 A.2d 364, 366 (1990) (declaratory judgment).

■■ The dispute between the parties, however, concerns the date the statute of limitations began to run. First, Refac–F argues that the 1984 Contract is a continuing contract such that the statute does not begin to run until the contract is terminated. *Thorpe v. Schoenbrun,* 202 Pa.Super. 375, 195 A.2d 870, 872 (1963). Because this contract is still in force, Refac–F asserts that the statute has not yet begun to run. Even the authority cited by Refac–F does not support this position, because it holds that the statute does not begin to run until the contract is terminated *or* until the breach occurs. *Id.* Here, the alleged breach has admittedly occurred, so that the statute has begun to run.

---

**2.** In its opening brief, Refac–F made a number of arguments concerning the length of the limita-tion period, but dropped those arguments in its responsive brief.

Next, Refac–F maintains that even if the statute has run, because the contract calls for periodic payments, a separate limitations period begins at each breach. Under this theory, only breaches occurring before November 5, 1990 would be barred. Refac–F does not cite any authority in support of this position, but it does exist. In *Ritter v. Theodore Pendergrass Teddy Bear Prods., Inc.*, 356 Pa.Super. 422, 514 A.2d 930 (1986), the court held that when royalty payments were due, "at least semi-annually," that a "separate and distinct cause of action accrue[d] for each payment as it bec[ame] due." *Id.*, 514 A.2d at 935 (citing cases). With each cause of action comes its own statute of limitations. *Id.*

Patlex appears to accept this theory, but proffers an alternative one preferable to it; that both the breach of contract and the declaratory judgment claims accrued on September 30, 1988, when Refac–F first became aware of the divergent readings of the 1984 Contract. Patlex has some support for the breach of contract argument. In *Air Transport Ass'n v. Lenkin*, 711 F.Supp. 25 (D.D.C. 1989), the District of Columbia Court found a difference between a dispute in interpretation, which would govern throughout the life of the installment contract, and breach of a single, discrete installment payment. In the first instance, the Court held that the sole cause of action accrues the first time the divergent understanding is asserted. In the second, a separate cause of action accrues with each missed payment. *Id.* at 27.

Although this reasoning is persuasive, there is no authority in Pennsylvania to support a similar finding here. For example, in *Ritter* the dispute was whether the duty to pay royalties under an installment contract had been assumed by a third party. It can be seen that this is a dispute over interpretation, yet the Pennsylvania Superior Court held that a separate cause of action and limitations period accrued with each missed payment. 514 A.2d at 935. Accordingly, we find that Refac–F"s breach of contract claims are barred by the statute of limitations to the extent they accrued before November 5, 1990. The claims that accrued after that date are not barred and may proceed to trial.

With respect to the declaratory judgment claim, Patlex cites to *Wagner*, 582 A.2d at 366 and to *In re Downingtown Indus. & Agri. School*, 172 B.R. 813, 825 (E.D.Pa.1994) for the proposition that a declaratory judgment action accrues when plaintiff becomes aware that defendant's position is contrary to plaintiff's. Because Refac–F concedes that it first became aware of the divergent positions in 1988, Patlex contends that the declaratory judgment claim must be dismissed as time-barred. We agree and will dismiss it. An appropriate Order follows.

## ORDER

AND NOW, this 22nd day of January, 1996, upon consideration of Plaintiff's Motion for Partial Summary Judgment and responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART as discussed in the attached Memorandum. The Motion is hereby GRANTED with respect to:

(1) Defendant's Quasi–Contract alternative defense, which is hereby DISMISSED

(2) Defendant's Statute of Limitations defense for breach of contract claims that accrued on or after November 5, 1990.

The Motion is hereby DENIED with respect to:

(1) the assignment issue

(2) Defendant's Statute of Limitations defense for breach of contract claims that accrued before November 5, 1990 and the declaratory judgment claim. These claims are hereby DISMISSED.