691 A.2d 963

**Gus ZOURELIAS, Appellant**

v.

**ERIE INSURANCE GROUP, Appellee**

Superior Court of Pennsylvania.

Argued Dec. 18, 1996.

Filed March 31, 1997.

John W. Pollins, III, Greensburg, for appellant.

Dwayne E. Ross, Latrobe, for appellee.

Before DEL SOLE, POPOVICH and HESTER, JJ.

POPOVICH, Judge.

This is an appeal from an order entering a declaratory judgment in favor of appellee Erie Insurance Group (Erie) and against appellant Gus Zourelias. In this case of unusual facts involving attorney-malpractice, we are asked to determine whether the lower court erred in declaring that appellant was not entitled to uninsured or underinsured (UM/UIM) motorist coverage from Erie. We affirm.

The parties have stipulated to the following facts: On April 27, 1986, appellant was injured when his automobile collided with an automobile driven by Michael C. Chirieleison. The negligence of Chirieleison was the sole cause of the accident. At the time of the accident, appellant was covered by an automobile insurance policy issued by Erie with a maximum of $100,000 per person and $300,000 per accident in UM/UIM coverage. Chirieleison was covered by a policy issued by State Farm Mutual Automobile Insurance Company with a maximum of $50,000 per person and $100,000 per accident in UM/UIM coverage.

Following the automobile accident, appellant retained Richard A. Weinstein, Esquire to represent him in a claim for damages against Chirieleison. The statute of limitations pertaining to appellant's claim against Chirieleison was two years and expired on April 27, 1988. Attorney Weinstein did not file suit against Chirieleison until June 10, 1988, after the statute of limitations had expired. Consequently, the suit was dismissed. Appellant then retained John W. Pollins, III, Esquire, who filed suit against Attorney Weinstein alleging legal malpractice. On January 10, 1995, appellant received a judgment against Attorney Weinstein for $100,000 due to the attorney's professional negligence. However, Attorney Weinstein was uninsured for professional negligence and had no known assets from which the judgment could be collected.

Appellant contacted Erie and claimed that he was entitled to $50,000 in underinsured benefits, or, in the alternative, to $100,000 in uninsured benefits under his own liability

778

insurance policy.[1] Erie denied coverage. On May 31, 1996, appellant filed a complaint for declaratory judgment against Erie seeking UM/UIM benefits. Appellant contended that he was entitled to UM/UIM benefits from Erie because he never received benefits from Chirieleison's insurance policy or from Attorney Weinstein. Based upon the stipulated facts and applicable law, the lower court found in favor of Erie. Appellant then filed post-trial motions which were denied. This timely appeal followed.[2]

Erie denied appellant's claim for uninsured and underinsured motorist benefits pursuant to the written clauses found in appellant's liability insurance policy. One such clause was the "trust agreement" clause. The "trust agreement" clause provided the following:

When we pay anyone under these coverages, they will (1) repay us out of any damages recovered from the legally liable party (this applies to uninsured motorist coverage only); (2) hold in trust for us *all* rights of recovery against the other party; (3) do whatever is proper to secure these rights, and do nothing to harm them .... (emphasis added).

1. We note that the parties disagree as to whether this case involves an "underinsured or uninsured situation." In light of our discussion *infra*, it is unnecessary for us to make this determination.

2. We note that Erie argues that appellant's request for declaratory relief was barred by the statute of limitations. We disagree. The general rule is that the statute of limitations begins to run when the plaintiff's cause of action arises or accrues. *Wagner v. Apollo Gas Co.*, 399 Pa.Super. 323, 582 A.2d 364 (1990). This Court has held that a cause of action for a declaratory judgment does not arise or accrue until an "actual controversy" exists. *Wagner, supra*. We have also held that the statute of limitations for a declaratory judgment action is four years. *Id.* In this case, the "actual controversy" surrounding the interpretation of the insurance policy at issue did not arise until Erie denied appellant's request for coverage. *See Id.; Downingtown Industrial & Agricultural School v. Com., Dept. of Education*, 172 B.R. 813 (Bankr. E.D.Pa.1994) (applying *Wagner, supra*). It appears from the correspondence contained in the record that Erie denied appellant's request for coverage some time after October 21, 1994. The complaint for declaratory judgment was filed by appellant on May 31, 1996, well within the applicable four year statute of limitations. Accordingly, appellant's request for declaratory relief was not barred by the statute of limitations.

Erie contends that this provision protected its equitable right of subrogation. Erie further contends that appellant had an affirmative duty to protect Erie's subrogation rights against Chirieleison, and, since appellant's claim against Chirieleison was barred by the statute of limitations, appellant failed to do so. Accordingly, Erie contends that its obligation to provide underinsured or uninsured motorist coverage was extinguished. The trial court agreed with Erie's contentions and denied appellant coverage for underinsured or uninsured benefits. We find that the trial court did not abuse its discretion or commit an error of law in making this determination. *Chambers v. Aetna Casualty and Surety Co.*, 442 Pa.Super. 155, 658 A.2d 1346 (1995) (appellate court's standard of review for declaratory judgment action is limited to determining whether trial court abused its discretion or committed an error of law).

In determining whether appellant was permitted to recover benefits from Erie, we must focus on interpreting the parties' insurance contract. *Archer v. State Farm Ins. Co.*, 419 Pa.Super. 558, 615 A.2d 779 (1992) (where the parties have reduced their obligations to writing, the interpretation of the writing controls this Court's review). When this Court is asked to review the meaning of a contract, "the intent of the parties is paramount and our goal is to ascertain the parties' intent as it is manifestly expressed in the agreement itself. When a written contract is clear and unequivocal, its meaning must be determined by its content alone." *Archer*, 615 A.2d at 783 (citation omitted).

■ We find that the parties' intent as manifestly expressed in the insurance contract was clear. The "trust agreement" expressly stated that the insured was obligated to do "whatever was proper to secure the insurer's subrogation rights" and "do nothing to harm these rights." Here, appellant did not file his cause of action against Chirieleison until after the statute of limitations had passed. Therefore, he was barred from recovery as to Chirieleison. As such, Erie's right to pursue recovery through appellant and against Chirieleison- the right to subrogation-was destroyed. *See Archer, supra.*

"When an insured nullifies an insurer's ability to enforce its subrogation rights . . . the injured party is no longer entitled to recover from the insurer." *Archer*, 615 A.2d at 783. We note that the language utilized by Erie in the insurance contract had as its aim the same interests that are protected by statutory language and caselaw. *Archer, supra* (insured's settlement with tort-feasors precludes recovery for underinsured motorist benefits from insurer); *Melendez v. Pennsylvania Assigned Claims Plan*, 384 Pa.Super. 48, 557 A.2d 767, 769 (1989) ("Under the relevant caselaw of this Commonwealth dealing with both contractual and statutory insurance subrogation . . . it is clear that where an injured party extinguishes an insurer's subrogation rights . . . the injured party loses his right to recover from the insurer."); *Nagle v. Allstate Ins. Co.*, 358 Pa.Super. 82, 516 A.2d 1191 (1986) (plaintiff's settlement with tort-feasors precludes recovery for uninsured motorist benefits). Since appellant extinguished Erie's subrogation right as to Chirieleison, he lost his right to recover uninsured or underinsured motorist benefits from Erie. *Bradford v. American Mutual Liability Ins. Co.*, 213 Pa.Super. 8, 245 A.2d 478 (1968) (insured's noncompliance with a subrogation clause is a complete defense to the insurer's liability on the policy).

■ Appellant maintains that even if he destroyed Erie's subrogation rights against Chirieleison, he did not destroy Erie's subrogation rights against Attorney Weinstein. It is undisputed that appellant received a judgement against Attorney Weinstein for $100,000, and that appellant contacted Erie and requested that it pay him benefits under the insurance policy. It is also undisputed that Erie denied the claim. Now, through this declaratory judgment action, appellant seeks to have the $100,000 judgment entered against Attorney Weinstein declared binding on Erie. This the trial court properly refused to do.

Here, the parties' insurance contract contained clear and unequivocal language whereby Erie would be bound by a judgment against an underinsured or uninsured motorist only if the judgment was obtained with Erie's written consent. It

is well-settled that "consent for judgment" clauses are permissible in this Commonwealth. *See Sands v. Andino,* 404 Pa.Super. 238, 590 A.2d 761 (1991).[3] In this case, the judgment against Attorney Weinstein was obtained without Erie's written consent, and, therefore, the judgment secured by appellant cannot be enforced against Erie.[4] *Sands, supra.* The enforcement of the judgment against Erie would be contrary to the express language of the contract which required appellant to obtain Erie's written consent before obtaining a judgment and the language which protected Erie's subrogation rights. We note that "the right to subrogation is the right of the insurer to stand in the shoes of the claimant and assert the claimant's rights against the tort-feasor." *Dyer v. Travelers,* 392 Pa.Super. 202, 572 A.2d 762, 764 (1990). Here, appellant's actions without Erie's consent deprived Erie of its right to stand in appellant's shoes. Erie had no control over any aspect of the proceedings which resulted in the final judgment. "Appellant so prejudiced [Erie's] right to subrogation as to extinguish it." *Dyer,* 572 A.2d at 764. As such, Erie is not bound by the judgment and appellant is not entitled to underinsured or uninsured motorist benefits. *Archer, supra.*

For all of the foregoing reasons, we affirm the trial court's order granting the declaratory judgment in favor of Erie.

Affirmed.

DEL SOLE, J. concurs in the result.

**3.** We note that Erie's "consent for judgment" clauses are similar to other clauses which this Court has upheld. *See Sands, supra* (we enforced insurance policy declaring that insured was not "bound by any judgment against any person or organization obtained without its written consent.").

**4.** It appears from the correspondence contained in the record that Erie was advised of appellant's suit against Attorney Weinstein by letter dated October 21, 1994. In this letter, appellant indicated that he was "in the midst" of suing Attorney Weinstein and demanded arbitration as to appellant's coverage under his insurance policy with Erie. It is clear that appellant never requested or received written consent from Erie to proceed against Attorney Weinstein or to obtain a judgment against him.