MANSMANN, Circuit Judge,
dissenting.
I believe that a party may bring a defensive declaratory judgment action to assert his non-liability for future obligations under a written instrument so long as the jurisdictional requirements of the Declaratory Judgment Act are satisfied, even when the party’s unpursued cause of action for damages based on the same instrument is timebarred. I also believe that purchasers of investment securities may seek the protection of the Pennsylvania Unfair Trade Practices and Consumer Protection Law so long as the securities are purchased primarily for personal purposes. I respectfully dissent.
*189 I.
The primary purpose of the Declaratory Judgment Act is “to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued.” Travelers Ins. Co. v. Davis, 490 F.2d 536, 543 (3d Cir.1974) (quoting E. Edelmann & Co. v. Triple-A Specialty Co., 88 F.2d 852, 854 (7th Cir.1937)); accord Cunningham Bros., Inc. v. Bail, 407 F.2d 1165, 1167-68 (7th Cir.1969); Luckenbach S.S. Co. v. United States, 312 F.2d 545, 548 (2d Cir.1963). The Act allows “prospective defendants to sue to establish their nonliability.” Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504, 79 S.Ct. 948, 953, 3 L.Ed.2d 988 (1959).
Bearing in mind the remedial character and legislative purpose of the Declaratory Judgment Act, we have repeatedly emphasized that the Act should have a liberal interpretation. Exxon Corp. v. Federal Trade Comm’n, 588 F.2d 895, 900 (3d Cir.1978); Simmonds Aerocessories v. Elastic Stop Nut Corp. of Am., 257 F.2d 485, 489 (3d Cir.1958); Aralac, Inc. v. Hat Corp. of Am., 166 F.2d 286, 291 (3d Cir.1948). Indeed, federal courts’ jurisdiction over declaratory judgment actions are limited by just two primary considerations: the action must present a case or controversy and it must be ripe for disposition. Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1153-54 (3d Cir.1995).[1]
The district court and the majority do not contend that Algrant failed to satisfy the “case or controversy” or “ripeness” requirements under the Act. Rather, the majority agrees with the district court that Algrant’s first three causes of action are barred by the statute of limitations.
Actions for declaratory relief do not have their own statute of limitations. See Luckenbach, 312 F.2d at 548 (“Limitations statutes do not apply to declaratory judgments as such.... There are no statutes which provide that declaratory relief will be barred after a certain period of time.”). Rather, since “[declaratory relief is a mere procedural device by which various types of substantive claims may be vindicated,” it is the substance of the right sued on, and not the remedy invoked, that governs the applicable limitations period. Id. 312 F.2d at 548 & n. 2. As the district court observed, “the declaratory judgment action must be brought within the limitations period applicable to the substantive claim underlying the request for declaratory relief.” Algrant v. Evergreen Valley Nurseries Ltd. Partnership, 941 F.Supp. 495, 497 (E.D.Pa.1996).
The substantive claim Algrant seeks to vindicate in pursuing Counts I through III is the claim that Algrant is not liable for future obligations under the Investor Notes. Al-grant invokes section 29 of the Securities and Exchange Act of 1934, section 508 of the Pennsylvania Securities Act, and common law fraudulent inducement for the sole purpose of establishing his non-liability under the Notes. Algrant does not seek damages pursuant to these laws; rather, Algrant relies on these laws to establish a defense to the defendants’ anticipated claims to enforce the Notes.
Since the substantive claim underlying the declaratory judgment action is Algrant’s defense to the defendants’ potential claim under the Notes, the declaratory judgment action is not time-barred until the defendants’ claim is time-barred. As the Court of Appeals for the Second Circuit held in Luckenbach:
Non-liability is the negative of the claim or cause of action with respect to which the declaration is sought. For purposes of the *190 statute of limitations non-liability is inextricably linked with that cause of action. So long as the claim can be made, its negative can be asserted. When the claim itself has been barred, a declaration of non-liability is also barred....
Luckenbach, 312 F.2d at 549; see also United States v. Western Pac. R.R. Co., 352 U.S. 59, 72, 77 S.Ct. 161, 169, 1 L.Ed.2d 126 (1956) (statutes of limitations, do not apply to defenses).
The majority perceives Counts I through III quite differently. The" majority focuses on the limitations periods governing offensive actions for damages brought under the laws which Algrant cites to establish a defense. The majority reasons that, since an independent cause of action for damages under these laws would have been barred, so too must a defensive declaratory judgment action which invokes these laws be barred. I believe that the majority misconstrues the nature of Al-grant’s claim. The substantive claim underlying Algrant’s request for declaratory relief is not the claim for damages Algrant elected not to pursue; Algrant does not seek a coercive judgment. Rather, the substantive claim is the defendants’ potential action against Algrant to enforce the Notes. Counts I through III do not exist for the purpose of establishing that the defendants committed fraud; rather, they exist to establish that Algrant is not liable under the Notes. Cf. Luckenbach, 312 F.2d at 548 (declaratory judgment action may proceed when plaintiff seeks “only a declaration of non-liability” and not a time-barred “coercive judgment”).
The majority concludes that Algrant may not assert the defenses articulated in Counts I through III until the defendants seek enforcement of the Notes. Under the majority’s reasoning, Algrant’s claims are both stale and unripe; they were brought both too late and too soon. Given that the jurisdictional requirements of the Declaratory Judgment Act are satisfied now, it makes little sense to force Algrant to wait (while potential liability looms) until the defendants seek judicial enforcement of the Notes before asserting the very defenses which he properly asserts in this action. As a prospective defendant seeking to obtain an early adjudication of an actual controversy so as to avoid the accrual of avoidable damages, Algrant is exactly the type of person the Declaratory Judgment Act was intended to assist.
The majority improperly links the timeliness of defensive declaratory judgment actions with the timeliness of other remedies that might have been available had Algrant chosen to pursue them. The Declaratory Judgment Act provides that courts “may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.” 28 U.S.C. § 2201(a) (emphasis supplied). Indeed, when coercive relief is deemed unavailable, the court may, “if it serves a useful purpose, grant instead a declaration of rights.” Fed.R.Civ.P. 57 advisory committee’s note. Thus, the availability of a declaratory judgment remedy is not dependent on the existence or timeliness of an alternative, coercive remedy.
Written instruments “may be construed before or after breach at the petition of a properly interested party.” Id. Under the majority’s reasoning, however, written instruments may only be construed (1) after breach, in litigation of an action on that breach or (2) sufficiently before breach so as to coincide with a timely cause of action for damages based on conduct which may also render the written instrument unenforceable. During these periods, the declaratory judgment plaintiff ordinarily has other options (e.g., asserting a defense, bringing a claim for damages), and the declaratory judgment action often becomes redundant. The majority prevents an individual from seeking a declaratory judgment when it would be most useful — during an actual controversy, when the party threatened with liability desires an early adjudication to avoid the unnecessary accrual of damages without waiting until his adversary should see fit to begin an action after the damage has accrued. See Saum v. Widnall, 912 F.Supp. 1384, 1394 (D.Colo.1996).
In Silverman v. Eastrich Multiple Investor Fund, L.P., 51 F.3d 28 (3d Cir.1995), the plaintiff brought an action seeking a declaration that the requirement that she guarantee *191 a loan for the benefit of her spouse was in violation of the Equal Credit Opportunity Act. We held that even if the plaintiffs “right to initiate an action for damages based upon such alleged violations is barred by the statute of limitations, no such bar exists to asserting such violation as a defense to efforts to collect on said guaranty.” Id. 51 F.3d at 29 (emphasis supplied). We permitted the plaintiffs declaratory judgment action to go forward because it was defensive in nature. The majority reads Silverman narrowly, concluding that the plaintiffs declaratory judgment action was only permitted because the action was brought in response to the defendant’s state court confession of judgment.
I interpret Silverman more broadly, to permit a party to bring a defensive declaratory judgment action (i.e., to thwart “efforts” to enforce a written instrument), even when the action raises issues that would be time-barred if brought offensively (i.e., to obtain damages). Id. 51 F.3d at 32. The Declaratory Judgment Act permits parties to bring an action to establish a defense even before a controversy has reached the stage at which the declaratory judgment defendant may sue for coercive relief. By forcing Algrant to wait until the defendants bring suit on the Notes, the majority has undermined the primary purpose of the Act.
The eases from our sister courts of appeals cited by the majority are distinguishable. In Levald, Inc. v. City of Palm Desert, 998 F.2d 680 (9th Cir.1993), for example, the plaintiffs challenge to an ordinance was time-barred because the plaintiff suffered a single harm, measurable and compensable when the ordinance was passed years before. Id. 998 F.2d at 688. The declaratory judgment action was no different in substance from the time-barred action for damages for the past injury. See also International Ass’n of Machinists & Aerospace Workers v. Tennessee Valley Auth., 108 F.3d 658, 667-68 (6th Cir.1997) (plaintiffs claim for declaratory relief was tied to time-barred substantive claims for damages arising from prior breach of collective bargaining agreement; court was not faced with actual controversy about anticipated future breach); Clulow v. Oklahoma, 700 F.2d 1291, 1293-95, 1302-03 (10th Cir.1983) (declaratory judgment plaintiff could not vindicate past alleged wrongs in claims that were inextricably linked to time-barred causes of action for damages). In contrast, Algrant does not seek to vindicate prior wrongs in an action indistinguishable from a time-barred offensive action for damages. Algrant merely seeks a declaration about a future obligation.
In Gilbert v. City of Cambridge, 932 F.2d 51 (1st Cir.1991), also cited by the majority, the plaintiffs’ “as-applied” challenge to an ordinance was barred by the statute of limitations because the injury was inflicted at the time the ordinance was applied; the substance of the claim was no different from the time-barred claim for damages. Id. 932 F.2d at 57-58. Importantly, the court also noted that the declaratory judgment action was not yet “mature as to any potential enforcement action.” Id. 932 F.2d at 58 (emphasis supplied). The fact that “potential” enforcement actions remained mere “theoretical possibilities” rendered the plaintiffs’ declaratory judgment action unripe. Id. In contrast, Algrant’s declaratory judgment action is ripe; there is a present controversy about the defendants’ expected enforcement of a future obligation.[2]
II.
The Pennsylvania Unfair Trade Practices and Consumer Protection Law (“UTP/CPL”), Pa. Stat. Ann. tit. 73, § 201-1 et seq., provides that any person who purchases “goods or services primarily for personal, family or household purposes and thereby suffers any *192 ascertainable loss of money or property” may bring a private action for damages. Id. § 201-9.2(a). The legislative intent in enacting the UTP/CPL was “to enhance the protection of the public from unfair or deceptive business practices.... The central underlying intent was fraud prevention, and the act must be construed liberally to effectuate that remedial intent.” Valley Forge Towers S. Condominium v. Ron-Ike Foam Insulators, Inc., 393 Pa.Super. 339, 574 A.2d 641, 644 (1990), aff'd, 529 Pa. 512, 605 A.2d 798 (1992); accord Commonwealth v. Monumental Properties, Inc., 459 Pa. 450, 329 A.2d 812, 815-17 (1974) (Consumer Protection Law is to be construed liberally to effect object of preventing unfair or deceptive practices).
When determining the scope of the UTP/ CPL, I note that the Act is not concerned with the type of product purchased; instead, it is concerned with the purpose of the purchase. “The purpose of the purchase, and not the type of product purchased, controls.” Valley Forge, 574 A.2d at 648 (emphasis in original). So long as the product (whatever its type) is purchased “primarily for personal, family or household purposes,” the purchase is protected by the Act. Thus, in deciding whether the Evergreen units purchased by Algrant come within the protection of the UTP/CPL, we should focus on the purpose of the purchase.
There is no indication that Algrant purchased the Evergreen units as a limited partner for a business purpose. Rather, the securities were purchased as personal investments. Due to the passive nature of the typical limited partnership arrangement, an individual who invests in a limited partnership is not characterized as engaging in business activity. See Freedman v. Tax Review Bd. of City of Phila., 212 Pa.Super. 442, 243 A.2d 130, 133-35 (1968), aff'd, 434 Pa. 282, 258 A.2d 323 (1969). Algrant was a passive limited partner who did not participate in the business in any way. Since Algrant purchased the Evergreen units for a personal purpose, he was not engaged in a business activity and the purchase is protected by the UTP/CPL.
The majority focuses on the term “goods” and notes that investment securities are excluded from the definition of “goods” under the Pennsylvania Uniform Commercial Code (“UCC”) provision dealing with sales. 13 Pa. Cons.Stat. Ann. § 2105(a). In so doing, the majority reads an exception into the UTP/ CPL that is not present. Indeed, while the UCC may limit its scope by expressly excluding investment securities from its definition of “goods,” I find it telling that the UTP/CPL does not contain such an exclusion. Cf. Monumental Properties, 329 A.2d at 824 (cautioning courts not to “woodenly apply” definition in UCC, which furthers commercial objectives, to the Consumer Protection Law, which furthers consumer objectives; to do so might “defeat the [Consumer] Law’s remedial objects”).
In Monumental Properties, the court emphasized its intention to interpret the Consumer Protection Law broadly:
There is no indication of an intent to exclude a class or classes of transactions from the ambit of the Consumer Protection Law. When the Legislature deemed it necessary to make an exception from the Law’s scope, it did so in clear language.
329 A.2d at 815 n. 5. The UTP/CPL contains no “clear language” excluding the purchase of personal investment securities from the protection of the law. The legislature could easily include such language, as it did for broadcasters, printers and publishers. Pa. Stat. Ann. tit. 73, § 201-3. Until the legislature chooses to create a “securities exception” to the UTP/CPL, the courts should not recognize one.
For the foregoing reasons, I respectfully dissent.

. To satisfy the "case or controversy" requirement, a declaratory judgment action must present a legal controversy (1) that is real and not hypothetical, (2) that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) that sharpens the issues for judicial resolution. Obusek, 72 F.3d at 1154 (citing Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 410 (3d Cir.1992)).
To satisfy the “ripeness” requirement, a plaintiff in a declaratory judgment action must demonstrate (1) that the probability of future harm is real and substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, (2) that the legal status of the parties will be changed by the declaration, and (3) that the declaratory judgment will have utility (i.e., that it will be of some practical help to the parties). Id. at 1154-55.

. The majority also cites Town of Orangetown v. Gorsuch, 718 F.2d 29 (2d Cir.1983), but that case was decided under New York law. Id. 718 F.2d at 41-42. Under Pennsylvania law, a party may pursue a declaratory judgment action to ascertain future obligations of the parties to a contract even though a damages claim for breach of contract is time-barred. Wagner v. Apollo Gas Co., 399 Pa.Super. 323, 582 A.2d 364, 365-66 (1990). In Pennsylvania, a four-year "catch all” statute of limitations applies to certain declaratory judgment actions, see 42 Pa. Cons.Stat. Ann. § 5525(8), but the statute does not begin to run until there exists an " 'actual controversy' indicating immediate and inevitable litigation, and a direct, substantial and present interest." Wagner, 582 A.2d at 366.